IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES ROCKETT, | ) |
| Plaintiff, | ) Case No. 7:09CV00231 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| | ) By: Glen E. Conrad |
| FEDERAL BUREAU OF PRISONS, | ) United States District Judge |
| Defendant. | ) |

Plaintiff James Rockett, an inmate incarcerated at the United States Penitentiary in Lee County, Virginia ("USP Lee") and proceeding pro se, has submitted a pleading in which he states his intention to bring a lawsuit against the Federal Bureau of Prisons ("BOP") and USP Lee under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, et seq. Specifically, Rockett complains that after he and his cell partner were transferred to the Special Housing Unit ("SHU"), USP Lee officers negligently failed to protect the personal property in Rockett's cell against theft by other inmates. Upon consideration of the complaint, the court finds that this action should be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

Background

Rockett alleges the following events on which his claim is based. During the week of December 20, 2008, he and his cell partner were taken out of their cell at 2:00 a.m. and transferred to the special housing unit, where they remained until December 30, 2008. Their cell door was locked by staff after their departure. Because the cell was labeled as a possible crime scene, their property was not packed up. When Rockett and his cellmate returned to their cell, they discovered that all of their personal property was missing, apparently stolen by other

---

[1] A lawsuit in which "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" may be summarily dismissed, pursuant to § 1915A(b)(1), as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

inmates. Inmates within the unit informed Rockett that staff had mistakenly unlocked the cell door and left it unlocked for some period of time. Rockett and his cell partner filed an administrative claim for damages with the appropriate agency. After prison staff "harassed" them and offered to give them "things" if they would sign a paper and drop the administrative tort claim, they did so. The officers then took back the items they had offered in exchange for dismissal of the tort claim.

## Discussion

Through the FTCA, Congress waived the United States' sovereign immunity for claims arising out of certain types of wrongful or negligent conduct committed by federal employees. See 28 U.S.C. § 1346(b)(1). An FTCA lawsuit is properly brought only against the United States and not against individual federal agencies or officers. See, e.g., Maron v. United States, 126 F.3d 317, 321 (4th Cir. 1997); Duncan v. Department of Labor, 313 F.3d 445, 447 (8th Cir. 2002). Before bringing an FTCA lawsuit, the litigant must first present an administrative tort claim to the appropriate federal agency and have that claim finally denied by that agency in writing. 28 U.S.C. § 2675(a).

Section 2680(c) of the FTCA provides that the waiver of immunity in § 1346(b) shall not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." § 2680(c). The United States Supreme Court has interpreted § 2860(c) to foreclose FTCA lawsuits against the United States based on damage to personal property resulting from negligent handling or storage of that property by officers of the Federal Bureau of Prisons ("BOP"). Ali v. Federal Bureau of Prisons, 552 U.S. 214, ___, 128 S. Ct. 831, 836-37 (2008) (internal quotations omitted) (finding that BOP officers who allegedly lost inmate's personal property during his transfer to another prison were "law enforcement officers" under § 2680(c) so as to preclude inmate's FTCA claim for value of lost property);

Kosak v. United States, 465 U.S. 848, 854 (1984) (finding that § 2680(c) applied to claim resulting from negligent handling or storage of detained property by federal officers).

Under these legal principles, Rockett's complaint fails to allege facts stating any actionable claim and must be dismissed, pursuant to § 1915A(b)(1). First, Rockett fails to bring his claim against the United States as defendant. See 28 U.S.C. § 2679(a); Allgeier v. United States, 909 F.2d 869, 871 (6th Cir. 1990) ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction."). Since Rockett named only the BOP and USP Lee as defendants in this action, the court has no jurisdiction over his FTCA claim.

Second, Rockett admits that he did not complete the administrative tort process before filing this lawsuit, as required under § 2675(a). Rockett states that although he filed an administrative tort claim to the BOP regarding the personal property stolen from his cell, he later dropped that claim.[2] His admitted failure to exhaust the administrative remedies procedures before filing this lawsuit demonstrates that the court does not have jurisdiction to address his claims under the FTCA.

Third, even if Rockett could demonstrate that he completed the tort claim process as to his property claim, this claim is foreclosed under § 2860(c). Ali, 128 S. Ct. at 841. His allegations—that his detained property was lost or stolen as a result of negligent conduct by BOP employees—fall squarely within the conduct excepted from the FTCA waiver in § 2680(c). See Ali, 128 S. Ct. at 836-37. Therefore, Rockett simply has no actionable claim under the FTCA.

## Conclusion

For the stated reasons, Rockett's FTCA claim must be dismissed, pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order shall be issued this day. The

---

[2] Rockett also complains that officers "harassed" him into dropping his tort claim. To the extent that he wishes to bring an additional claim based on these allegations, he does not demonstrate that he exhausted administrative remedies as required before he could pursue any such claims under either the FTCA or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See 42 U.S.C. § 1997e(a). Therefore, the court will address only his claim regarding deprivation of property.

plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 23rd day of June, 2009.

/s/ Glen Conrad
United States District Judge